UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HAKEEM ALLEN,** | Civil Action No. 24-1167 (SDW-JSA) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| **VICTORIA L. KUHN, Esq., et al.,** | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about February 21, 2024, Plaintiff Hakeem Allen, a convicted and sentenced state prisoner presently confined in South Woods State Prison, in Bridgeton, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). This Court administratively terminated the matter, subject to reopening upon payment of the filing fee or submission of a properly completed application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (ECF No. 3).

2. On March 25, 2024, this Court received Plaintiff's properly completed IFP application, which establishes his financial eligibility to proceed without prepayment of the $350 filing fee. (ECF No. 4). Therefore, Plaintiff's IFP application will be granted.

3. Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that

1

for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

2

Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. Plaintiff brings his civil rights complaint against twenty-four defendants who are custody officers, prison medical staff, and their supervisors at Northern State Prison ("NSP"), South Woods State Prison ("SWSP") and the New Jersey Department of Corrections ("NJDOC").[1]

7. Plaintiff alleges the following facts. He was incarcerated in NSP on July 31, 2023. On his way to the medical department for a blood sugar check, medication and insulin, Officer E. Dyar told Plaintiff to return to his housing unit. Plaintiff was returning to his unit when someone yelled "Clear the path, make way." Upon hearing this direction, Sergeant Senguine grabbed Plaintiff's wrist, twisted it behind Plaintiff's back and slammed him on the floor. A Code 33[2] was called. Plaintiff was first taken to the medical department, then to a secluded housing area where he was assaulted, stripped, and forced to sit in a mechanical chair for four hours.[3] He was not given food, water, or his medication and insulin. Plaintiff was placed on suicide watch for 24-48 hours. He was returned to the Restricted Housing Unit ("RHU") under Sergeant Senguine's supervision.

---

[1] In the caption, Plaintiff identifies the defendants as New Jersey Department of Corrections, et al. New Jersey Department of Corrections is not one of the twenty-four defendants named in the "Parties" section of the complaint. The Court will assume Plaintiff named New Jersey Department of Corrections in the caption solely to identify the employer of the individual defendants. Furthermore, because Plaintiff seeks damages and injunctive relief, this Court liberally construes the claims as alleged against the defendants in their individual and official capacities.

[2] Plaintiff did not define Code 33, but this Court assumes that Code 33 "signals an emergency situation and alerts other corrections officers to respond and provide assistance." *Rogers v. New Jersey Dep't of Corr.*, No. A-4210-15T1, 2017 WL 3995899, at *1 (N.J. Super. Ct. App. Div. Sept. 12, 2017).

[3] Plaintiff does not identify the defendants who were involved in this alleged assault.

8. On August 2, 2023, Sergeant Senguine shouted obscenities at Plaintiff and ordered officers to "dump" him. Plaintiff was physically assaulted[4] and then taken to the medical department and interviewed by Dr. Goldstein, a mental health provider. Plaintiff was returned to a housing unit that was supervised by Sergeant Senguine. Lieutenant Myers and Sergeant Senguine ordered Plaintiff moved to another cell, where Senguine "OC sprayed" Plaintiff, dragged him down the steps, and left him on the floor unconscious. Plaintiff was admitted to the infirmary and then returned to the same housing unit that day.

9. On August 4, 2023, Nurse Rebecca Kearney denied Plaintiff his breakfast, lunch, morning blood sugar check, medication and insulin. Plaintiff reported this to Disciplinary Hearing Officer ("DHO") G. Nolley, Sergeant Feliciano, Dr. Goldstein, Sergeant Polner and Lieutenant Knox. Later that day, Plaintiff was taken out of his cell to get his insulin and medication. When he returned to his cell, he was assaulted by Officers O'Niel, Lewis, and John Does 1 and 2. This was witnessed by Sergeant Polner and Lieutenant Knox. A Code 33 was called and Plaintiff was escorted to the medical department. Along the way, Plaintiff was interviewed by S.I.D.[5] and Dr. Goldstein. He was then placed in the infirmary under a constant watch order. In the infirmary, Plaintiff was interviewed by Ms. Long, Ms. Register, and psychology staff.

10. On August 8, 2023, Officer Ellis was distributing legal mail. Plaintiff refused to sign for his legal mail because it had been opened outside his presence. As a result, Officer Ellis refused to give Plaintiff his legal mail, and he wrote fictitious charges against Plaintiff. This was not the first incident concerning retrieval of legal mail between an inmate and an officer.

---

[4] Plaintiff does not allege who assaulted him on August 2, 2023.

[5] Pursuant to New Jersey Administrative Code 10A:1-2.2, S.I.D. stands for "Special Investigations Division," the unit responsible for conducting investigations at the direction of the NJDOC Commissioner or designee.

11. Plaintiff was transferred to SWSP on August 10, 2023.  He was housed in the RHU until August 18, 2023, when he was released into general population.  On August 18, 2023, Plaintiff submitted a disciplinary appeal to the ombudsman, addressed to NSP and SWSP.

12. On September 1, 2023, Plaintiff was returned to the RHU on the previous charges. John Falvey, OPRA[6] liaison and Disciplinary Supervisor, denied Plaintiff's request for OPRA records, which Plaintiff sought to obtain for his disciplinary hearing, his S.I.D. investigation, and for the ombudsman.  A "confrontation hearing" was scheduled in October 2023, but it was never conducted.

13. On October 26, 2023, Sergeant Ripa advised Plaintiff that DHO Zimmerman and someone from S.I.D. had reviewed the pertinent camera footage.  They told Plaintiff he would be found guilty, and he would not be allowed to attend the hearing.  The next day, Plaintiff hand-delivered his disciplinary appeal to Sergeant Ripa.  On October 30, 2023, Assistant Ombudsperson Amy Southwick informed Plaintiff that there was no record of an appeal having been submitted on his behalf.  On November 28, 2023, Plaintiff submitted a Notice of Appeal to the Superior Court of New Jersey.  Plaintiff alleges that sanctions and restrictions were imposed against him without proper adjudication, because S.I.D. failed to submit any evidence on Plaintiff's behalf after conducting an investigation.

14. Ms. Fuqua from SWSP social services denied Plaintiff "ties/bonds of kinship" while he was in reentry services.

15. Megan Farell, Ombudsman for the NJDOC, is responsible for training staff, and knew of should have known of the constitutional violations perpetrated by staff on Plaintiff.

---

[6] OPRA, in the context of New Jersey public record requests, stands for "Open Public Records Act," N.J.S.A. 47:1A:1 *et seq*.

16. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

17. Plaintiff alleges excessive use of force in violation of the Eighth Amendment against Sergeant Senguine, Officer O'Niel, Officer Lewis, and Officers John Doe 1 and 2.  These claims may proceed.  Plaintiff seeks to hold the following administrators liable for the excessive use of force by their subordinates:  Victoria L. Kuhn Esq., NJDOC Commissioner; Patricia McGill, NSP Administrator; Marc Sims, NSP Associate Administrator; and Keisha Fisher, SWSP Administrator.  These claims will be dismissed without prejudice because Plaintiff failed to allege the personal involvement of each administrator caused the excessive use of force.  *See Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) ("[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations") (alterations in original)).

18. Plaintiff alleges Officer Garrison pulled his hair.  Because Plaintiff has not provided any context surrounding this incident, the Court is unable to conclude whether such force was excessive under the circumstances.  *See Monroe v. Phelps*, 520 F. App'x 67, 70 (3d Cir. 2013) ("Whether the force was excessive depends on the 'extent of the force' and the surrounding circumstances…." (quoting *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002)).  The excessive

6

force claim against Officer Garrison will be dismissed without prejudice. Plaintiff also alleges excessive use of force by Officer Dean, but Plaintiff does not plead any facts concerning the incident with Officer Dean. This claim will also be dismissed without prejudice.

19. Plaintiff alleges Sergeant Polner and Lieutenant Knox witnessed the alleged excessive use of force against Plaintiff by Officers O'Niel, Lewis and John Does 1 and 2, which this Court construes as an Eighth Amendment failure to intervene claim. Plaintiff, however, has not alleged sufficient facts about the incident for this Court to conclude that Sergeant Polner and Lieutenant Knox had a reasonable opportunity to intervene and refused to do so. *Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002) ("an officer is only liable if there is a realistic and reasonable opportunity to intervene.")

20. The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). To state a claim, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* (quoting *Estelle*, 429 U.S. at 106)). Plaintiff has not alleged sufficient facts for this Court to conclude that depriving him of a blood sugar check, insulin, and medication on July 21, 2023, rose to the level of deliberate indifference to a serious medical need. For example, Plaintiff has not alleged he was suffering from uncontrolled diabetes or some other condition that required immediate medical attention on that occasion. Likewise, Plaintiff has not alleged sufficient facts concerning Nurse Kearney's alleged denial of his medications and blood sugar check on the morning of August 4, 2023. *See, e.g,. Rouse v. Plantier*, 182 F.3d 192, 199 (3d Cir. 1999) (noting "it is possible that conduct that violates the Eighth Amendment rights of the unstable [diabetic] plaintiffs may not violate the constitutional rights of the stable [diabetic] plaintiffs.") Plaintiff also fails to state a

claim against the defendants to whom he reported Nurse Kearney's alleged medical negligence, including DHO G. Nolley, Sergeant Feliciano, Dr. Goldstein, Sergeant Polner and Lieutenant Knox. These claims will be dismissed without prejudice.

21. Plaintiff alleges Lieutenant Knox, DHO Nolley, Dr. Goldstein, Sergeant Feliciano, Sergeant Polner, Officer O'Niel and Officer Lewis failed to report his medical emergencies and failed to respond to his pleas for medical help. Plaintiff has not described his medical emergencies or any incident where he pleaded with any of these defendants for medical help and was ignored. It is not known whether Plaintiff is referring to his injuries from the alleged assaults, whether he is referring to his mental health, or whether he was deprived of treatment for some other serious medical need. Plaintiff's allegation that Dr. Goldstein "didn't take heed of reports submitted by patient," is too vague to state an Eighth Amendment claim. Therefore, Plaintiff's Eighth Amendment denial of adequate medical care claims and the related supervisory liability claims will be dismissed without prejudice.

22. Plaintiff alleges he was deprived of food and water for at least five hours on July 21, 2023, after he was allegedly assaulted by Sergeant Senguine and placed in a mechanical chair for four hours. It is not clear if Plaintiff was also deprived of food and water while he was on suicide watch for the next 24 to 48 hours. Plaintiff has also alleged he was deprived of breakfast and lunch on August 4, 2023. To allege an Eighth Amendment claim based on deprivation of food and water, a prisoner must allege "both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) (citing *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007)). The deprivation of three meals, without more, is not sufficiently serious to state an Eighth Amendment claim. *See, e.g., Zanders v. Ferko*,

8

439 F. App'x 158, 160 (3d Cir. 2011) (per curiam) (concluding that "the alleged deprivation of three meals over two days [to a diabetic inmate] fails to rise to the level of a constitutional violation").  With respect to the alleged deprivation of water, Plaintiff has not alleged how long he was deprived of water or the circumstances surrounding the deprivation.  In sum, Plaintiff has not alleged sufficient facts for the Court to conclude the alleged deprivations of food and water were sufficiently serious.  These claims, as well as the related claims based on supervisory liability, will be dismissed without prejudice.

23.  Plaintiff alleges he was deprived of due process in connection with false disciplinary charges that were made against him by the following defendants:  Lieutenant Myers, Sergeant Senguine, Sergeant Polner, Officer O'Niel, Officer Lewis, Officer Ellis, Officer Garrison, Officer Dean and John Does 1 and 2.  The disciplinary charges resulted in Plaintiff's placement in restricted housing units in NSP and SWSP while the charges were investigated and other sanctions.  For relief, Plaintiff seeks damages and a new disciplinary hearing.

Plaintiff has not alleged that he was subject to sanctions that resulted in a longer duration of imprisonment, such as loss of good conduct time, or sanctions that "impose[d] atypical and significant hardship … in relation to the ordinary incidents of prison life," such as a significantly long term of solitary confinement.  Therefore, Plaintiff fails to state a claim that he was deprived of a substantive liberty interest that entitled him to minimum due process protections under the Constitution.  *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Torres v. Fauver*, 292 F.3d 141, 151 (3d Cir. 2002).  Plaintiff's due process claims, including his claims against the defendants who allegedly filed false charges; his claims against the defendants[7] who allegedly denied procedural

---

[7] Plaintiff makes these allegations against DHO Gwendolyn Nolley, Sergeant Ripa, John Falvey, DHO Zimmerman, Manuel Alfonso, and Meagan Farrel.

9

due process protections in relation to the disciplinary hearings; and all supervisory liability claims related to the disciplinary charges and proceedings will be dismissed without prejudice.

24. Assuming Plaintiff is also asserting claims of First Amendment retaliation against the defendants who allegedly filed false disciplinary charges against him, Plaintiff has not alleged that their conduct was in retaliation for Plaintiff engaging in constitutionally protected conduct. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) ("In order to establish illegal retaliation for engaging in protected conduct, [a plaintiff] must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him.") Therefore, these claims will be dismissed without prejudice.

25. Plaintiff may also be asserting that the defendants who filed false charges against him did so to cover up their own use of excessive force, and that the defendants who failed to investigate Plaintiff's excessive force claims did so to prevent him from success on his excessive force claims, in violation of his First Amendment right of access to courts. This type of claim is backward-looking, "to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Christopher v. Harbury*, 536 U.S. 403, 414 (2002) (citations omitted). Plaintiff has not alleged his loss of or inability to bring excessive force claims. Indeed, this Court has permitted his sufficiently pled excessive force claims to proceed.

26. Plaintiff alleges that he hand-delivered his disciplinary appeal to Sergeant Ripa to submit on his behalf, and he was later informed that the appropriate officials never received his appeal. Plaintiff may also be asserting a First Amendment right of access to courts claim against Sergeant Ripa. However, he has not alleged Sergeant Ripa's conduct, not submitting his appeal,

10

ultimately caused Plaintiff's inability to appeal the disciplinary sanctions. *See Christopher,* 536 U.S. at 413 (2002) (discussing elements of access to courts claims). This claim will be dismissed without prejudice.

27. Plaintiff alleges Officer Ellis violated the First Amendment by opening Plaintiff's legal mail outside his presence and withholding Plaintiff's mail when he refused to sign for it. Plaintiff's vague allegation that this is not the first incident involving legal mail between an inmate and an officer is not sufficient to allege a pattern or practice of opening legal mail outside the presence of an inmate, in violation of the First Amendment. *See Gibson v. Erickson*, 830 F. App'x 372, 373 (3d Cir. 2020) (holding that a single instance of opening legal mail outside a prisoner's presence usually fails to state a First Amendment violation) (citing *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006)). If this Court construes the claim as a violation of Plaintiff's First Amendment right of access to courts, the complaint is deficient because Plaintiff has failed to allege an actual injury. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (quoting *Christopher*, 536 U.S. at 415 ("Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit.")) This claim will be dismissed without prejudice.

28. This Court is unable to construe a cognizable claim from Plaintiff's allegation that Ms. Fuqua denied him "ties/bonds of kinship" during his reentry process. The claim will be dismissed without prejudice.

29. In conclusion, this Court will grant Plaintiff's IFP application, permit his Eighth Amendment excessive force claims against Sergeant Senguine, Officer O'Niel, Officer Lewis, and

11

Officers John Doe 1 and 2 to proceed, and dismiss the remaining § 1983 claims in the complaint without prejudice.

 An appropriate order follows.

Dated: April 29, 2024

                   Hon. Susan D. Wigenton
                   United States District Judge