UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HAKEEM ALLEN,**<br><br>Plaintiff,<br><br>v.<br><br>**SERGEANT SENGUINE, OFFICER O'NIEL, OFFICER LEWIS, and OFFICER JOHN DOE #1, and OFFICER JOHN DOE #2,**<br><br>Defendants. | Civil Action No. 24-1167 (SDW-JSA)<br><br>**MEMORANDUM ORDER** |

**IT APPEARING THAT:**

1. On or about February 21, 2024, Plaintiff Hakeem Allen, a convicted and sentenced state prisoner presently confined in South Woods State Prison, in Bridgeton, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1).

2. On April 29, 2024, this Court granted Plaintiff's corrected IFP application under 28 U.S.C. § 1915(a), excusing prepayment of the full filing fee. (ECF No. 4). Upon screening the complaint for dismissal under § 1915(e)(2)(B), this Court permitted Plaintiff's Eighth Amendment excessive force claims to proceed against Defendants Sergeant Senguine, Officer O'Niel, Officer Lewis, and Officers John Doe 1 and 2. The remainder of the claims in the complaint were dismissed without prejudice. The Clerk of Court filed the complaint.

3. This Court directed the Clerk of Court to send Plaintiff sufficient copies of the USM-285 form to obtain service of the complaint on the defendants by the United States Marshals Service. (ECF No. 7.) The Clerk sent the USM-285 forms to Plaintiff. (ECF No. 8.) There is no

entry on the docket indicating that Plaintiff completed and returned these forms with an address for service on the defendants, as required.  Therefore, it appears the defendants have not been served within 90 days of the date of filing the complaint, under Federal Rule of Civil Procedure 4(m).  The Court will direct Plaintiff to show cause why this matter should not be dismissed without prejudice for failure to take steps to timely serve the defendants.

4.   On June 24, 2024, Plaintiff submitted a supplemental complaint for filing.  (ECF No. 9).  The supplemental complaint contains new claims against new defendants—namely—Victoria Kuhn, Anthony Degner, Keisha Fisher, Heather Griffith and John Does 1-10.  Plaintiff alleges these defendants have held him beyond his release date due to a glitch in the New Jersey Department of Corrections' system.  Plaintiff further alleges he was subjected to unconstitutional conditions of confinement in South Woods State Prison's Facility 2.

5.   Federal Rule of Civil Procedure 20 provides:

> (2) Defendants. Persons … may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

6.   The claims in Plaintiff's supplemental complaint against Defendants Kuhn, Degner, Fisher, Griffith and John Does do not arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's Eighth Amendment excessive force claims against Defendants Sergeant Senguine, Officer O'Niel, Officer Lewis, and Officers John Doe 1 and 2 in this action.  Therefore, the Court will direct the Clerk of Court to file Plaintiff's supplemental complaint as an original complaint in a new civil action, and administratively terminate the new

action. Pursuant to Local Civil Rule 54.3(a), Plaintiff will be required to pay the filing fee or submit an IFP application under 28 U.S.C. § 1915(a) before he can proceed in the new action. Therefore,

**IT IS** on this  4th  day of  September , 2024

**ORDERED** that Plaintiff shall show cause, in writing to this Court within 30 days of the date of entry of this Order, why this Court should not dismiss this action without prejudice for Plaintiff's failure to comply with the service deadline in Federal Rule of Civil Procedure 4(m); and it is further

**ORDERED** that the Clerk of Court shall open a new civil action and file Plaintiff's supplemental complaint (ECF No. 9) as an original complaint in the new action; the Clerk shall file a copy of this Order in the new civil action; and the Clerk shall terminate the new civil action, subject to reopening upon Plaintiff's payment of the $405 filing and administrative fees or submission of an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order, a form "Affidavit of Poverty and Account Certification (Civil Rights)", and a copy of the docket sheet in the new civil action upon Plaintiff by regular U.S. mail.

_____
Hon. Susan D. Wigenton
United States District Judge