UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAKEEM ALLEN,<br><br>      Plaintiff,<br><br>v.<br><br>OFC. O'NIEL, et al.,<br><br>      Defendants. | Civil Action No. 24-1167 (SDW) (JSA)<br><br>MEMORANDUM ORDER |

**IT APPEARING THAT:**

    1.    On or about February 21, 2024, Plaintiff Hakeem Allen, a convicted and sentenced state prisoner confined in South Woods State Prison, in Bridgeton, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (D.E. 1).

    2.    On April 29, 2024, this Court directed the Clerk of Court to send Plaintiff copies of the USM-285 form to obtain service of the complaint on the Defendants by the United States Marshals Service. (D.E. 7 at 3). The Clerk sent the USM-285 forms to Plaintiff. (D.E. 8). Plaintiff did not return the forms, so defendants were not served within 90 days of the date of filing the complaint as required by Federal Rule of Civil Procedure 4(m).

    3.    On September 4, 2024, Plaintiff was ordered to show cause, in writing, within 30 days, why this Court should not dismiss this action without prejudice for Plaintiff's failure to comply with the service deadline in Federal Rule of Civil Procedure 4(m). (D.E. 12).

    4.    Plaintiff sent a letter to this Court dated September 5, 2024, which did not address his failure to comply with the service deadline. (D.E. 13). The letter expressed that Plaintiff may be delayed in receiving mail sent to his address on the docket as opposed to his address at South Woods State Prison. (*Id.*) He did not otherwise respond to the September 4, 2024 Order.

5. On November 18, 2024, this Court dismissed the complaint for failure to comply with the service rules. (ECF No. 14). The Order was mailed to Plaintiff at South Woods State Prison and his address in Elizabeth, New Jersey. (*Id.*)

6. Counsel entered an appearance on Plaintiff's behalf on December 23, 2024. (ECF No. 15).

7. On January 31, 2025, counsel filed an "application/petition for leave to file an amended complaint and to vacate the dismissal without prejudice." (ECF No. 16).

8. Federal Rule of Civil Procedure 60(b) governs petitions to reinstate an action,[1] and motions to amend are governed by Rule 15. Local Civil Rule 7.1 governs the filing of motions in this Court. Plaintiff must file motions that comply with these rules before this Court will consider his request.

9. This Court expresses no opinion on the merits of any potential motion.

**IT IS THEREFORE** on this  3rd  day of  February  2025,

**ORDERED** that Plaintiff's application/petition for leave to file an amended complaint and to vacate the dismissal without prejudice (ECF No. 16) is **DENIED** without prejudice to Plaintiff's right to file the appropriate motions in accordance with the Federal and Local Rules of Civil Procedure.

                                                  Hon. Susan D. Wigenton,
United States District Judge

---

[1] A motion to alter or amend a judgment pursuant to Rule 59(e) would also be appropriate. *See Choi v. Kim*, 258 F. App'x 413, 415 n.1 (3d Cir. 2007).